IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE MCCAA, | ) | |
| #174 508, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-75-WHA |
| | ) | [WO] |
| DAN THOMPSON -PROBATION- | ) | |
| PAROLE OFFICER, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE**

Plaintiff, a state inmate incarcerated at the Red Eagle Honor Farm in Montgomery, Alabama, files this 42 U.S.C. §1983 action alleging that Defendants violated various state statutes during his parole consideration process which resulted in the decision to deny him parole on September 17, 2013. Plaintiff also challenges the constitutionality of the parole consideration process and the decision to deny him parole based on allegedly false information. The defendants in this cause of action are Probation and Parole Officer Dan Thompson, and William Wynne, Jr., Robert Longshore and Cliff Walker, members of the Alabama Board of Pardons and Paroles. Plaintiff seeks declaratory and injunctive relief. Specifically, Plaintiff requests: (1) a declaration that Defendants violated his Fourteenth Amendment rights to fair parole consideration, and (2) a new parole hearing in which Defendants fairly consider him for parole based on accurate documentation regarding the conviction on which he is incarcerated. Docs. 1, 17.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. 22. Upon receipt of Defendants' special report, the court entered an order directing Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioned Plaintiff that "the court may at any time thereafter and without

notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment." Doc. 15 at 2. Plaintiff responded to Defendants' report. S*ee* Doc. 23. The court will treat Defendants' report as a motion for summary judgment, and it concludes that this motion is due to be resolved in favor of Defendants.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go

beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non- moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II. MATERIAL FACTS

Plaintiff is serving a life sentence on a conviction for murder imposed by the Circuit Court for Greene County, Alabama, in 2000. His most recent parole consideration hearing occurred on September 17, 2013. Prior to an inmate's being considered for parole, parole board staff prepare an investigatory report which contains information about an inmate's personal history, social history, criminal history, and his institutional adjustment history. The latter includes information from prison disciplinary files, time sheets, classification files, and certificates of completion of prison programs. Parole board staff prepared an investigatory report on Plaintiff prior to his

September 2013 parole consideration hearing. Doc. 22, Attachments 22-2 at 2, 22-3 at 1-2, 22-5 at 1-2, 22-6 at 3.

Defendants Wynne and Walker conducted Plaintiff's parole hearing on September 17, 2013. Parole Board members Wynne and Walker had Plaintiff's investigatory report, which was prepared by a parole officer, before them when they considered Plaintiff for parole. The report included documentation that Plaintiff was convicted of murder and sentenced to life imprisonment. After considering Plaintiff for parole, Defendants Wynne and Walker denied Plaintiff parole based on their opinion that if Plaintiff were released on parole, there was not a reasonable probability that he could live and remain at liberty without violating the conditions of his parole and that his release would not be compatible with society's best interest. The board members scheduled Plaintiff's next parole consideration for September 2018. Doc. 22, Attachments 22-2 at 1-3, 22-3 at 1-2, 22-5 at 1-2, 22-6 at 1-3.

### III. DISCUSSION

Plaintiff asserts that Defendants failed to consider him fairly for parole on September 17, 2013, under Ala. Code § 15-22-25 (1975),[1] which resulted in a violation of his right to due process and his right to be free from cruel and unusual punishment. In support of this claim, Plaintiff states that Defendant Thompson interviewed him on September 4, 2013, for his upcoming parole consideration hearing. Plaintiff pointed out to Defendant Thompson that his file regarding Plaintiff included documentation from the Alabama Department of Corrections as well as the Circuit Court for Greene County reflecting that Plaintiff was convicted of capital murder instead of murder. Plaintiff states that, although he informed Defendant Thompson of the inaccuracy in his file, this

---

[1] *Ala. Code* § 15-22-25 govern the investigation of and compiling of a report on a sentenced prisoner's social and criminal records and provides that the information obtained regarding those records along with all other information shall be filed in the office of Parole Board so as to be readily available when the parole of an inmate is being considered.

4

was "to no avail" because the Parole Board proceeded with his parole consideration hearing. Plaintiff, therefore, claims that Defendants Walker and Wynne considered inaccurate information in his parole file during his September 2013 parole consideration hearing, and that they relied on the erroneous information to deny him parole. Docs. 1, 23. Under applicable federal law, these claims entitle Plaintiff to no relief from this court.

**A. Respondeat Superior**

Defendants Wynne and Walker are the only defendants who in any manner participated in the decision to deny Plaintiff parole on September 17, 2013. Thus, the claims against the remaining defendants entitle Plaintiff to no relief to the extent these claims are based on theories of *respondeat superior* and/or vicarious liability.

The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* [or vicarious liability].... *Robertson v. Sichel*, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (A supervisory official "can have no *respondeat superior* liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)

(concluding supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), *citing Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability.). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, liability for the actions of Defendants Wynne and Walker could attach to the other named defendants only if these other defendants "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Plaintiff, however, has presented no evidence that would create a genuine issue of disputed fact with respect to the claims lodged against Defendants Thompson and Longshore. The only evidentiary materials filed in this case that could be presented at trial demonstrate that these defendants did not personally participate in or have any involvement with the claims on which Plaintiff seeks relief. In light of the foregoing, Defendants Thompson and Longshore can be held liable for actions of Defendants Wynne and Walker only if their actions bear a causal relationship to the purported violations of Plaintiff's constitutional rights and federal law.

To establish the requisite causal connection and, therefore, avoid entry of summary judgment in favor of Defendants Thompson and Longshore, Plaintiff must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[] [these defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so …" or "a … custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or … facts [that] support an inference that [these defendants] directed [Defendants Wynne

6

and Walker] to act unlawfully, or knew that [they] would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates that Plaintiff has failed to meet this burden.

The record before the court contains no evidence to support an inference that Defendants Thompson or Longshore directed Defendants Wynne and Walker to act unlawfully or knew that they would act unlawfully and failed to stop such action. In addition, Plaintiff has presented no evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which these defendants failed to take corrective action. Finally, it is clear that the challenged actions did not occur pursuant to a policy enacted by Thompson or Longshore. Thus, the required causal connection does not exist between the actions challenged by Plaintiff and the conduct of these defendants, and liability under the custom or policy standard is not warranted. Summary judgment is therefore due to be granted in favor of Defendants Thompson and Longshore.

**B. False Information**

Plaintiff complains that Defendants Wynne and Walker relied on false information to deny him parole in 2013.[2] Doc. 1, Attachment 1-1 at 1-4. Specifically, Plaintiff maintains that information in his parole file generated by the Alabama Department of Corrections and the Circuit Court for Greene County is false because these documents reflect his conviction as one for capital murder instead of murder.[3] *Id.*, Attachments 1-2 and 1-3. Defendants do not admit that the

---

[2] Any attempt by Plaintiff to challenge the constitutionality of a parole consideration hearing held prior to the hearing held in September 2013 is not properly before the court.

[3] Plaintiff maintains that he has submitted documentation which reflects that the "murder conviction adjudication in the trial court has not been validated nor are there any record(s) of such a conviction in the Greene County Circuit Court." Doc. 23 at 5. However, any attempt by Plaintiff to challenge the criminal conviction on which he is incarcerated must be presented in a habeas corpus proceeding, which is the

7

information they used in the parole decision-making process was false. They state that they are aware that the inmate summary sheet maintained by the Alabama Department of Corrections and a conviction report from the Circuit Court for Greene County that Plaintiff submitted to support his complaint (*see* Doc. 1, Attachment 1-2 and 1-3) incorrectly reflect his conviction as one for capital murder instead of murder.[4] Doc. 22, Exh. A, Attachment 22-2 at 1-3, Attachment 22-6 at 1-3. Defendants Wynne and Walker, however, admit no knowing reliance on false information; they state instead that during Plaintiff's September 17, 2013, parole consideration hearing they were aware Plaintiff was serving a life sentence on a conviction for murder and assert that information regarding this conviction and sentence was before them when they considered and denied Plaintiff's request for parole. *Id.*; *see also* Attachment 22-3 at 1-2, Attachment 22-5 at 1-2.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that <u>reliance on admittedly false information</u> to deny a prisoner consideration for parole was arbitrary and capricious treatment which violated of the Constitution. The appellate court, however, carefully distinguished its holding in *Monroe* from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in

---

exclusive remedy for a state prisoner who seeks to challenge the validity of the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

[4] The court notes that there is no allegation that any reports prepared by parole board staff regarding Plaintiff's criminal history contain false information. Any assertion that the parole board defendants had a duty to correct allegedly false or erroneous information in documents generated by other state agencies or state courts fails to state a claim against defendants, as they would have no such duty or authority to do so.

> *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id*. at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id*. In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442. *Slocum* controls the disposition of the instant false information claim.

Defendants Wynne and Walker maintain that, to their knowledge, the information on which they relied to deny Plaintiff parole is correct, and reliance on this information, therefore, did not violate Plaintiff's constitutional rights. Specifically, there is no admission by Defendants Wynne and Walker that the information they used in making their determination to deny Plaintiff parole is false, incorrect, or erroneous. Plaintiff has failed to come forward with any evidence that indicates that Defendants Wynne and Walker knowingly used false information during the parole consideration process. Instead, Defendants Wynne and Walker affirm that they knew of Plaintiff's conviction for murder and sentence of life imprisonment when they considered and denied him for parole during his most recent parole consideration hearing. Doc. 22, Attachments 22-2 and 22-6. *See Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim.").

The record establishes that Defendants Wynne and Walker did not rely on any admittedly false information in their decision to deny Plaintiff parole. Consequently, Plaintiff is entitled to no relief as a matter of law and entry of summary judgment in favor of Defendants Wynne and Walker on this claim is appropriate.

**C. Due Process**

Plaintiff's claims arising from an alleged lack of due process regarding the parole consideration process and resulting denial of parole entitle him to no relief. "The Alabama [parole] statute … calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole … . When the statute is framed in discretionary terms there is not a liberty interest created … . Alabama parole statutes do not create a liberty interest [in parole] … ." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982). This court's review of the history of the Alabama statute governing release on parole establishes that from its inception the statute has been framed in discretionary terms.[5] The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process … .' [T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

To the extent Plaintiff contends that applicable statutes and regulations create a protected liberty interest in the procedures related to parole consideration, he is likewise entitled to no relief

---

[5] *Ala. Code* § 15-22-26 governs the authority of the Alabama Board of Pardons and Paroles to grant parole to inmates. The pertinent portion of this statute provides:

> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe....

The statute is clear that the decision to grant parole is within the sole discretion of members of the parole board, and that parole is permitted only when board members deem an inmate suitable for release on parole.

10

as this claim is foreclosed by *Slocum*. In *Slocum*, the Eleventh Circuit deemed such a "unique theory … without merit." 678 F.2d at 942.

> Petitioner argues that even if there is no statutorily created liberty interest in parole, particular [statutory parole] provisions ... create a protectable entitlement to parole consideration. Specifically, petitioner cites the requirement ... that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language ... that the board include in the parole file "as complete information as may be practically available...." If these provisions create a protectable expectancy in parole consideration, petitioner argues that the consideration must comport with due process standards. Petitioner's unique theory is without merit. Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner['s] ... allegation that the ... parole board has not accorded him adequate parole consideration does not entitle him to [relief].

*Slocum*, 678 F.2d at 941-942. Plaintiff does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution. *Heard v. Georgia State Board of Pardons and Paroles*, 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe*, 932 F.2d at 1441; *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Absent a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum*, 678 F.2d at 942; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (because applicable Texas parole statutes confer "no liberty interest in obtaining parole" Texas inmate could not "complain of the constitutionality of procedural devices attendant to parole decisions."). Thus,

the procedural due process protections of the Fourteenth Amendment do not apply either to the parole decision-making process, *Thomas*, 691 F.2d at 488-489, or to the parole consideration process. *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole rules or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. Defendants Wynne and Walker maintain that they did not violate Plaintiff's constitutional rights nor act with negligence or carelessness when they denied Plaintiff parole. They state that the decision to deny parole was based on their determination that Plaintiff did not present an acceptable risk for release on parole. The decision of the parole board members demonstrates a reasonable and appropriate action, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), which is rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Plaintiff has presented no evidence indicating arbitrary or capricious action by the Alabama Board of Pardons and Paroles or its members. Consequently, summary judgment is due to be granted in favor of defendants Wynne and Walker regarding Plaintiff's due process claims.

## D.  Cruel and Unusual Punishment

Plaintiff contends that the actions about which he complains regarding Defendants Wynne and Walker during his 2013 parole consideration hearing and their decision to deny him parole amounted to cruel and unusual punishment in violation of the Eighth Amendment. Doc. 1. However, a denial of parole does not rise to the level of an Eighth Amendment violation, as it is

"merely a disappointment rather than a punishment of cruel and unusual proportions." *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 933 (11th Cir. 1986). Summary judgment is therefore due to be granted in favor of Defendants on this claim.

**E. State Law Claims**

Plaintiff contends that Defendants acted or failed to act in accordance with state laws governing parole regarding their determination that he is not suitable for release on parole. To the extent Plaintiff asserts that the actions of Defendants violated state law, review of these claims is appropriate only upon this court's exercise of supplemental jurisdiction. In the posture of this case, however, exercising such jurisdiction is inappropriate.

For a federal court "[t]o exercise [supplemental] jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact." *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (internal quotation marks and citations omitted). Exercising supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims in the complaint, Plaintiff's pendent state claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. 22) be GRANTED.

2. Plaintiff's pendent state law claims be DISMISSED without prejudice;

3. Judgment be GRANTED in favor of Defendants;

4. This case be DISMISSED with prejudice;

5. Costs be taxed against Plaintiff.

It is further

ORDERED that **on or before February 14, 2017**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 31st day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge